# KAUFMAN|DOLOWICH

Kaufman Dolowich LLP
135 Crossways Park Drive, Suite 201
Woodbury, NY 11797

Telephone: 516.681.1100

www.kaufmandolowich.com

## MEMO ENDORSED

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  1/21/26
```

January 20, 2026

> Defendant's application to adjourn the January 27, 2026 conference is DENIED. At the conference, the parties should be prepared to discuss any appropriate limitations on discovery pending the outcome of defendant's motion. SO ORDERED.
>
> _[signature]_
>
> Barbara Moses
> United States Magistrate Judge
> January 21, 2026

**VIA ECF**
Hon. Barbara C. Moses, U.S.M.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    *Angel Estevez v. Alma Realty Corp.*
       Case No. 1:25-cv-08560

Dear Judge Moses:

This firm represents defendant, Alma Realty Corp. ("Defendant"), in the above-referenced action.  In connection with Your Honor's Order dated December 12, 2026, the parties have respectfully submitted their Rule 26(f) Pre-Conference Statement for Your Honor's consideration in advance of the initial case management conference. Defendant respectfully requests an adjournment of the initial case management conference scheduled for January 27, 2026 at 10:00 a.m.

Defendant respectfully submits this request because Defendant has filed a Motion to Dismiss the Second Cause of Action in the Complaint, or in the alternative, striking Plaintiff's class action claims, pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion"). *See* ECF Docket Nos. 19-21. Plaintiff's Opposition to the Motion to Dismiss is not due until January 23, 2026 and Defendants' Reply is due on February 6, 2026. Given that Defendant is partially seeking dismissal of the Complaint, Defendant respectfully submit that it would be premature to establish discovery deadlines and/or have a substantive discussion regarding discovery at this time. Accordingly, Defendant respectfully requests that the Initial Conference be adjourned to a date that is convenient for the Court.  While the Parties have submitted a Rule 26(f) Pre-Conference Statement, Defendant further respectfully requests to submit an amended Rule 26(f) Pre-Conference Statement in the event that this adjournment request is granted.  This is Defendant's first request for an adjournment.

Defendant has conferred with Plaintiff concerning this adjournment request.  It is Plaintiff's position that Defendant's pending Motion does not necessitate an adjournment of the parties' initial conference before this Court. Plaintiff has brought claims on behalf of himself individually and on behalf of a putative collective and class for, *inter alia*, unpaid wages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").  Defendant's Motion only seeks to dismiss Plaintiff's NYLL law claims, or, alternatively, strike Plaintiff's class action allegations.  Regardless of the outcome of Defendant's Motion, Plaintiff's FLSA and collective action claims will continue, and the same discovery will proceed regardless of the outcome of Defendant's Motion. Thus, Plaintiff does not believe an adjournment is warranted. To the extent

the Court grants any part of Defendant's motion, Plaintiff has no issue conferring with Defendant to determine if an amended discovery schedule should be submitted to the Court for approval.

We thank the Court for time and consideration of this request.

Respectfully Submitted,
Kaufman Dolowich LLP

Edward Grimmett

cc:     All counsel of record (via ECF)

2